Stephen L. Nourse (ASB # 0602003)
Jason M. Kettrick (WSBA # 35459)
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
nourse@carneylaw.com
kettrick@carneylaw.com

Clay A. Young (ASB # 7410117)
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Facsimile: (907) 277-1331
cay@delaneywiles.com

Attorneys for Plaintiff MKB Constructors

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of MKB CONSTRUCTORS, a Washington partnership,<br><br>Plaintiff,<br><br>v.<br><br>COLASKA, INC. dba QUALITY ASPHALT PAVING, an Alaska Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation (Bond No. 014046569/.8911350); FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation (Bond No. | Case No. 3:10-cv-_____-_____<br><br>COMPLAINT |

COMPLAINT – 1 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

MKB001 0005 lm00861o3q 2010-12-14

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 1 of 10

1 | 014046569/.8911350); and ZURICH AMERICAN INSURANCE, a New York
2 | Corporation (Bond No. 014046569/.8911350),
3 |             Defendants.

For its cause of action against defendants COLASKA, Inc., dba Quality Asphalt Paving, Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance, plaintiff the United States of America for the use of MKB Constructors states as follows:

## I.  PARTIES

1. Use plaintiff MKB Constructors (hereinafter "MKB") is a Washington partnership with its principal place of business in Kirkland, Washington. MKB has paid all fees due the States of Washington and Alaska and is fully qualified to bring this action.

2. Defendant COLASKA, Inc. dba Quality Asphalt Paving (hereinafter "QAP") is an Alaska corporation with its principal place of business in Anchorage, Alaska.

3. Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Cincinnati, Ohio.

4. Defendant Fidelity and Deposit Company of Maryland is a Maryland corporation with its principal place of business in Owings Mills, Maryland.

5. Defendant Zurich American Insurance is a New York corporation with its principal place of business in Schaumburg, Illinois.

COMPLAINT – 2 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 2 of 10
MKB001 0005 m00861f63q 2010-12-14

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter of this action by virtue of 28 U.S.C. § 1331 and Sections 3131 to 3133 of Title 40 of the United States Code, known as the "Miller Act." There is also diversity jurisdiction because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over all non-Miller Act claims alleged herein, as such claims are derived from common operative facts and form part of the same case or controversy as the Miller Act claim, most notably that MKB performed labor and furnished materials under contract with QAP and has not been paid in full.

8. Venue properly lies in the United States District Court for the District of Alaska (Anchorage) by virtue of 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1391(a) and (b).

## III. FACTS

9. MKB realleges all allegations set forth above.

10. The United States of America, acting through the Department of Transportation, Maritime Administration (hereinafter the "Government") is a party to a written public works contract with Integrated Concepts and Research Corporation ("ICRC") for the design and construction of the Port of Anchorage Intermodal Expansion Projects. MKB has been informed by ICRC, and on that basis alleges, that ICRC did not provide a Miller Act payment bond for the Project (defined below) which is the subject of this lawsuit, but instead delegated that requirement to QAP.

COMPLAINT – 3 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 3 of 10

MKB001 0005 mo0686163q 2010-12-14

11. On or around March 14, 2008, ICRC entered into a written contract with QAP to perform certain portions of the Port of Anchorage Intermodal Expansion Project, referred to as 2008 Marine Terminal Redevelopment ("Project"). Such contract required QAP to obtain a Miller Act payment bond on a form stating: "This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 – U.S.C. – 270a-270e)." Such contract was for and in consideration of an amount in excess of $100,000 and satisfies any and all jurisdictional requirements of the Miller Act.

12. On or around March 31, 2008, MKB entered into a written subcontract with QAP to perform labor and furnish materials for the construction of the Project. The subcontract contains a prevailing party attorneys' fee provision stating that "[i]n the event either party institute's [sic] suit in court against the other party … the prevailing party shall be entitled to recover a reasonable attorney's fee…."

13. MKB's subcontract with QAP contains a disputes resolution provision under which QAP is to present to ICRC all MKB claims for or on account of acts or omissions of ICRC, its engineer, or the Government. MKB has or will submit claims to QAP and initiates this lawsuit to reserve its rights in the event and to the extent such claims are ultimately found attributable to the acts or omissions of QAP.

14. MKB performed labor and furnished materials in accordance with the terms of its subcontract with QAP, but the defendants have failed and refused to pay for the work.

COMPLAINT – 4 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 4 of 10
MKB001 0005 mo0861o3q 2010-12-14

15. MKB's work included construction of an Open Cell Sheet Pile bulkhead from atop of, and into, a granular fill dike placed by QAP and other ICRC subcontractors in order to create a work platform. MKB's subcontract states "QAP will remove all rock in the fill so as not to impede the installation of the sheet piles, template piles and vibracompaction probes." QAP also contracted to remove silt prior to placement of granular fill, and to furnish wye piles satisfying contractual tolerances. During the Project, MKB encountered movement of the granular fill, armor rock obstructions and noncompliant wye piles which constitute changed conditions, changes to MKB's subcontract and breach of the subcontract and design warranty. Such conditions also demonstrate failure by QAP and/or ICRC to disclose superior knowledge and lack of good faith to the extent either knew or should have known MKB would encounter such conditions during Open Cell Sheet Pile installation, and/or that due to such conditions contractual tolerances could not be achieved. Such changes and breach impacted, hindered and delayed the progress of MKB's work and caused it to incur additional direct and indirect costs and damages.

16. During the Project, MKB experienced fewer available daily working hours than set forth in its subcontract. Such incorrect and misleading information constitutes a change and breach of contract and caused MKB to incur additional direct and indirect costs because fewer available daily working hours extended the Project duration.

17. MKB's work was intermittently suspended due to restrictions for marine mammal protection exceeding subcontract requirements. Such suspensions constitute a change

COMPLAINT – 5 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 5 of 10

and breach of contract and caused MKB to incur additional direct and indirect costs and damages.

18. Changes to MKB's subcontract, changed conditions, breach of the subcontract and design warranty, lack of good faith and failure to disclose superior knowledge delayed the progress of MKB's work and the Project, necessitating certain additional winter stabilization work extending through December 2009. Work remaining under MKB's subcontract was subsequently deleted.

19. MKB was not paid in full within ninety (90) days after the day on which it performed the last of the labor and furnished the materials for which its claim is made.

20. MKB served proper notice of its claim on ICRC and defendant QAP within ninety (90) days from the date on which MKB performed the last of the labor and furnished the materials for which its claim is made.

21. This action is brought within one (1) year after the day on which MKB last performed labor or furnished materials on the Project.

22. The amount unpaid at the time of initiation of this action is not less than $7,524,187. MKB is entitled under the Miller Act to prosecute this action to final execution and judgment for the amount due.

### IV. FIRST CAUSE OF ACTION: QUANTUM MERUIT FOR UNPAID LABOR AND MATERIALS

23. MKB realleges the allegations set forth above.

COMPLAINT – 6 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

MKB001 0005 in00861o3q 2010-12-14   Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 6 of 10

24. MKB performed labor and furnished materials under its subcontract with defendant QAP.

25. QAP received an unjust enrichment through unpaid labor and materials furnished by MKB.

26. The unpaid balance due for labor performed and materials furnished to the Project by MKB is not less than $7,524,187.

27. Defendant QAP is liable in quantum meruit for the unpaid balance.

## V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

28. MKB realleges the allegations set forth above.

29. Defendant QAP breached the subcontract with MKB by failing to provide a stable work platform, failing to remove armor rock obstructions, failing to pay the balance due for labor and materials, by furnishing defective designs to MKB, by failing to disclose superior knowledge, and by hindering and delaying MKB and failing to keep the Project and subcontract work in a state of forwardness.

30. The above contract breach, and others, damaged MKB in an amount not less than $7,524,187, plus taxes, costs, interest and attorneys' fees as allowed by contract or law.

## VI. THIRD CAUSE OF ACTION: MILLER ACT

31. MKB realleges the allegations set forth above.

32. MKB performed work on a contract for public work of the Federal Government, and is entitled to compensation under 40 U.S.C. § 3133, as well as under Alaska common law.

COMPLAINT – 7 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 7 of 10
MKB001 0005 m00861o3q 2010-12-14

33. In accordance with the Miller Act, MKB is entitled to collect the balance owed for labor and materials from Bond No. 014046569/.8911350, the payment bond issued by defendants Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance, with QAP as principal, in the penal sum of $93,934,802.00.

34. Defendants Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American Insurance should be ordered to pay the amounts owed to MKB for labor and materials charges, plus all other costs and expenses recoverable in accordance with applicable law.

## VII. REQUEST FOR STAY OF PROCEEDINGS

35. MKB realleges the allegations set forth above.

36. MKB brings this lawsuit to reserve its rights in the event and to the extent its claims or damages are found attributable to the acts or omissions of QAP.

37. MKB requests that the Court stay this proceeding pending a determination in accordance with the disputes provision of its subcontract of the party responsible for its claims and damages.

## VIII. PRAYER FOR RELIEF

The United States of America for the use of MKB Constructors requests the following relief:

1. Judgment against defendant QAP for damages from quantum meruit in an amount not less than $7,524,187.

COMPLAINT – 8 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

MKB001 0005 mo0861o3q 2010-12-14

1    2.      Judgment against defendant QAP for damages from changes, changed
2 conditions, breach of contract, lack of good faith and failure to disclose superior knowledge, in
3 an amount not less than $7,524,187.
4    3.      Judgment against Bond No. 014046569/.8911350, issued by defendants Liberty
5 Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Zurich American
6 Insurance, for the amount owed to MKB for labor and materials charges, plus all other cost and
7 expenses recoverable in accordance with the Miller Act;
8    4.      Pre-judgment interest and post-judgment interest;
9    5.      Judgment for MKB's costs in this action;
10   6.      Judgment for reasonable attorneys' fees incurred by MKB in prosecuting this
11 action;
12   7.      Additional damages in an amount to be proven at trial; and
13   8.      For such other relief as the Court considers proper under the circumstances.
14 DATED this 14th day of December, 2010.

Attorneys for Plaintiff MKB Constructors

By s/Stephen L. Nourse
Stephen L. Nourse (ASB # 0602003)
Jason M. Kettrick (WSBA # 35459)
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
nourse@carneylaw.com
kettrick@carneylaw.com

COMPLAINT – 9 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

MKB001 0005 mo0861163q 2010-12-14

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 9 of 10

| | |
|---|---|
| 1 | |
| 2 | By s/Clay A. Young |
| 3 | Delaney Wiles, Inc.<br>1007 W. Third Avenue, Suite 400 |
| 4 | Anchorage, AK 99501<br>Phone: (907) 279-3581 |
| 5 | Facsimile: (907)277-1331<br>cay@delaneywiles.com |
| 6 | Alaska Bar Association No. 7410117 |

4836-6212-0200, v. 1

COMPLAINT – 10 of 10
*MKB v. COLASKA, Inc., et al.*
Case No. 3:10-cv-____-_____

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Case 3:10-cv-00274-HRH   Document 1   Filed 12/14/10   Page 10 of 10

MKB001 0005 fm0686163q 2010-12-14