Stephen L. Nourse (ASB #0602003)
Jason M. Kettrick (WSBA # 35459)
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
nourse@carneylaw.com
kettrick@carneylaw.com

Clay A. Young (ASB # 7410117)
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Facsimile: (907) 277-1331
cay@delaneywiles.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of MKB CONSTRUCTORS, a Washington partnership,<br><br>Plaintiff,<br><br>vs.<br><br>COLASKA, INC. dba QUALITY ASPHALT PAVING, an Alaska Corporation; LIBERTY MUTUAL INSURANCE COMPANY OF MARYLAND, a Maryland Corporation (Bond No. 014046569.8911350); and ZURICH AMERICAN INSURANCE, a New York Corporation (Bond No. 014046569/.8911350),<br><br>Defendants. | NO. 3:10-cv-00274-HRH<br><br>MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION |

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 1
(3:10-cv-00274-HRH)
MKB v. COLASKA, INC., et al.

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

MKB001 0005 mb14fs67tq 2011-02-18

Case 3:10-cv-00274-HRH   Document 8   Filed 02/18/11   Page 1 of 7

## I. INTRODUCTION

Plaintiff MKB Constructors ("MKB"), through its undersigned counsel, moves this Court for entry of an order compelling production of certain documents and electronically stored information requested in a January 22, 2011, records subpoena served on the Municipality of Anchorage ("Municipality").

This matter arises from the Port of Anchorage Intermodal Expansion Project ("Project"). MKB entered into a $16 million subcontract to install the Project's sheet pile bulkhead, and now claims additional compensation exceeding $11 million. MKB subpoenaed the records of the Municipality for, among other things, access to the Project's "Contract Management System" (referred to as "CMS") - a depository of electronically stored Project documents. Counsel for the Municipality and MKB have conferred and agreed upon the scope of the subpoena, except for access to the CMS documents. These documents are clearly relevant to the Project, as well as MKB's subcontract and claims. But the Municipality, with no justification, will not produce them.

## II. STATEMENT OF FACTS

The Municipality established a partnership with the United States Department of Transportation Maritime Administration ("MARAD") during 2003 to develop and modernize the Port of Anchorage. MARAD is now a party to a written public works contract with Integrated Concepts and Research Corporation ("ICRC") for the design and construction of the Project. The CMS was developed and maintained during the Project as an electronic depository of Project documents. According to ICRC, documents stored electronically in the

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 2
(3:10-cv-00274-HRH)
*MKB v. COLASKA, INC., et al.*

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

MKB001 0005 mb141s67tq 2011-02-18

Case 3:10-cv-00274-HRH   Document 8   Filed 02/18/11   Page 2 of 7

CMS include "task orders and contractual change orders".[1] The CMS is password protected, but several stakeholders with potentially adverse interests, including MARAD, the Port of Anchorage, ICRC, the Municipality and others, all have access.[2]

On or around March 14, 2008, ICRC entered into a written subcontract with Colaska, Inc., dba Quality Asphalt Paving ("QAP"), defendant herein, to perform certain work on the Project. On or around March 31, 2008, QAP, in turn, sub-subcontracted with MKB, plaintiff herein, for a significant portion of that work. It is the sub-subcontract between QAP and MKB that is the subject of this lawsuit.

Counsel for all parties to this action have met and conferred regarding a plan for proposed discovery.[3] Pursuant to the parties' stipulation, on January 31, 2011, the Court granted a stay of proceedings except for limited discovery.[4] As part of that limited discovery, MKB served a records subpoena on the Municipality on January 21, 2011.[5] Among other things, the records subpoena requested:

> All documents and correspondence relating to the Project that are contained in the Contract Management System, also known as CMS, maintained by MARAD, and all indexes of the documents contained in the CMS.[6]

On February 2, 2011, the Municipality asserted certain objections to the scope of the subpoena, including an objection to MKB's request for documents stored electronically in the

---

[1] Declaration of Stephen L. Nourse ("Nourse Decl."), ¶ 5; Exhibits E.
[2] Id.
[3] Id., ¶ 2.
[4] See Dkt. 5; 7.
[5] Nourse Decl., Exhibits A; B.
[6] Id.

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 3
(3:10-cv-00274-HRH)
MKB v. COLASKA, INC., et al.

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

Case 3:10-cv-00274-HRH Document 8 Filed 02/18/11 Page 3 of 7
MKB001 0005 mb141s67tq 2011-02-18

CMS.[7] According to the Municipality, the scope of MKB's subpoena would be "vastly more reasonable" if limited to "records involving, for example, the north bulkhead," and if it did "not require the Port to make a special effort to locate and retrieve records from CMS."[8]

MKB responded and counsel for the parties conferred on February 8, 2011.[9] During the conference, MKB agreed to narrow the scope of the subpoena to four specific categories of documents, plus access to CMS.[10] The Municipality agreed to produce the four categories of documents, but denied MKB access to all documents stored electronically on CMS, and all hard copy documents the Municipality obtained from CMS.[11] In its follow up letter, the Municipality explained the basis for its denial. Simply stated, the Municipality will not comply with Fed.R.Civ.P. 45 because "MARAD has instructed [it] not to release access codes to CMS, and [it] expect[s] a letter from them early next week with more detail."[12]

Access to the CMS records is time sensitive. MARAD, ICRC, QAP, MKB, and potentially other Project stakeholders are scheduled to mediate in Seattle on March 24-25, 2011. MKB needs CMS access as soon as possible to adequately prepare for mediation.

### III. LEGAL ARGUMENTS

Under Fed.R.Civ.P. 45, a non-party may be required to produce "**electronically stored information ... in that person's possession, custody, or control....**" Fed.R.Civ.P. 45(a)(1)(A)(iii) (emphasis added). The person responding to the subpoena may object on the basis that the information is not reasonably accessible because of undue burden or cost, but the

---

[7] Id., Exhibit C.
[8] Id.
[9] Id., ¶ 5; Exhibit D.
[10] Id., Exhibit F.
[11] Id. Exhibit G.

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 4
(3:10-cv-00274-HRH)
*MKB v. COLASKA, INC., et al.*

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

responding party bears the burden of proof. Fed.R.Civ.P. 45(d)(1)(D). An objection may also be lodged on the basis that information sought is privileged or subject to protection as trial-preparation material. Under those circumstances, however, the responding party must describe the privilege and nature of the documents withheld. Fed.R.Civ.P. 45(d)(2)(A)(ii).

In this case, the Municipality has control over documents stored electronically on the CMS, because it admittedly "has the legal right to obtain the document[s], even [if] in fact it has no copy." 8A Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure, § 2210 at 397 (2nd ed. 1994).[13] Computer passwords are treated like file cabinet locks under Fed.R.Civ.P. 26 and 45. They are no excuse to compliance with discovery.

Moreover, the Municipality has not and cannot satisfy its burden of showing the CMS records are not reasonably accessible. It has not even made the suggestion. The Municipality instead offered to segregate all of its hard copy documents obtained from the CMS site - *in order to withhold them*. Retrieval of the electronic records will involve less work than separating the hard copies. The Municipality need only enter a password and browse a website. And if given the password, MKB will do it.

Finally, the Municipality has claimed no privilege. It is difficult to imagine what privilege could apply to Project records such as "task orders and contractual change orders," particularly given the unfettered access provided to a multitude of Project stakeholders with potentially competing interests.[14] Nevertheless, the Municipality's only justification for its outright refusal to comply with Fed.R.Civ.P. 45 is that "MARAD has instructed [it] not to

---

[12] Id.
[13] Id. ¶ 5; Exhibits C; G.
[14] Id., ¶ 5; Exhibit E.

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 5
(3:10-cv-00274-HRH)
*MKB v. COLASKA, INC., et al.*

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

release access codes to CMS, and [it] expect[s] a letter from them early next week with more detail."[15] That is no justification at all. The response implicates contempt under Fed.R.Civ.P. 45(c) and cause for an award of expenses under Fed.R.Civ.P. 37(a)(5).

## IV. CONCLUSION

Based on the foregoing, MKB respectfully requests the Court compel disclosure under Fed.R.Civ.P. 45(c)(2)(B)(i), and order immediate production of the documents stored electronically on CMS, or alternatively, to provide MKB access to the site. MKB further requests the Court order the Municipality to provide MKB with any index to the CMS records. .

DATED this 18th day of February, 2011.

By s/ Stephen L. Nourse
    Stephen L. Nourse, ASB # 0602003
    Jason M. Kettrick, WSBA # 35459
    CARNEY BADLEY SPELLMAN, P.S.
    701 Fifth Avenue, Suite 3600
    Seattle, WA 98104
    Phone: (206) 622-8020
    Facsimile: (206) 467-8215
    nourse@carneylaw.com
    kettrick@carneylaw.com

By s/ Clay A. Young
    Clay A. Young, ASB #7410117
    Delaney Wiles, Inc.
    1007 W. Third Avenue, Suite 400
    Anchorage, AK 99501
    Phone: (907) 279-3581
    Facsimile: (907) 277-1331
    cay@delaneywiles.com

---

[15] Id. at Exhibit G.

MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION – 6
(3:10-cv-00274-HRH)
*MKB v. COLASKA, INC., et al.*

CARNEY BADLEY SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to opposing counsel, and I hereby certify that I have hand delivered by Legal Messenger Service, Inc. to the following non CM/ECF participants:

Robert P. Owens
Assistant Municipal Attorney
Municipality of Anchorage
632 West 6th Avenue
Anchorage, AK  99501
Fax: 907-343-4550

/s/ Clay A. Young_____, ASB #7410117
DELANEY WILES, INC.
1007 W. Third Avenue, Suite 400
Phone: (907) 279-3581
Facsimile: (907) 277-1331
cay@delaneywiles.com
Of Attorneys for Plaintiff MKB Constructors

MOTION FOR ORDER COMPELLING
PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION – 7
(3:10-cv-00274-HRH)
*MKB v. COLASKA, INC., et al.*

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

MKB001 0005 mb141s67tq 2011-02-18

Case 3:10-cv-00274-HRH   Document 8   Filed 02/18/11   Page 7 of 7