Stephen L. Nourse (ASB No. 0602003)
Jason M. Kettrick (ASB No. 1206059)
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
nourse@carneylaw.com
kettrick@carneylaw.com
Attorneys for Plaintiff MKB Constructors

Timothy Bowman (ASB No. 0905012)
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Facsimile: (907) 277-1331
twb@delaneywiles.com
Attorneys for Plaintiff MKB Constructors

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of MKB CONSTRUCTORS, a Washington partnership,<br><br>Plaintiff,<br><br>vs.<br><br>COLASKA, INC. dba QUALITY ASPHALT PAVING, an Alaska Corporation; LIBERTY MUTUAL INSURANCE COMPANY OF MARYLAND, a Maryland Corporation (Bond No. 014046569.8911350); and ZURICH AMERICAN INSURANCE, a New York Corporation (Bond No. 014046569/.8911350),<br><br>Defendants. | NO. 3:10-cv-00274-HRH<br><br>STIPULATION FOR DISMISSAL |

STIPULATION FOR DISMISSAL
(3:10-cv-00274-HRH) – 1
MKB v. COLASKA, INC., et al.

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

Case 3:10-cv-00274-HRH   Document 29   Filed 11/30/12   Page 1 of 8

MKB001 0005 nk09c949tn

## I. STIPULATION

The parties herein, acting by and through their undersigned attorneys, hereby stipulate, pursuant to Rule 41(a)(2) Federal Rules of Civil Procedure, that the above-entitled action and each and every portion thereof has been fully settled and compromised and the same shall be dismissed with prejudice and without costs or attorneys' fees to any party.

DATED this 30th day of November, 2012.

By    s/ Jason M. Kettrick
Stephen L. Nourse, Alaska Bar No. 0602003
Jason M. Kettrick, Alaska Bar No. 1206059
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
nourse@carneylaw.com
kettrick@carneylaw.com
Attorneys for Plaintiff MKB Constructors

By    s/ Timothy W. Bowman
Timothy W. Bowman, Alaska Bar No. 0905012
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
Phone: (907) 279-3581
Facsimile: (907) 277-1331
twb@delaneywiles.com
Attorneys for Plaintiff MKB Constructors

By    s/ Traeger Machetanz
Traeger Machetanz, Alaska Bar No. 8411127
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Facsimile: (907) 258-5519
machetanz@oles.com
Attorneys for Defendant Colaska, Inc.

STIPULATION FOR DISMISSAL
(3:10-cv-00274-HRH) – 2
MKB v. COLASKA, INC., et al.
MKB001 0005 nk09c949tn

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

Case 3:10-cv-00274-HRH   Document 29   Filed 11/30/12   Page 2 of 8

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States and the State of Washington that on November 30, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the defendants, and I hereby certify that I have mailed by United States Postal Service, Postage Prepaid/ABC Legal Messenger Service, Inc./Facsimile to the following non CM/ECF participants: __n/a__ .

s/ Jason M. Kettrick
Jason M. Kettrick, Alaska Bar No. 1206059
Attorney for Plaintiff MKB Constructors
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
kettrick@carneylaw.com

STIPULATION FOR DISMISSAL
(3:10-cv-00274-HRH) – 3
*MKB v. COLASKA, INC., et al.*
MKB001 0005 nk09c949tn

CARNEY
BADLEY
SPELLMAN

701 Fifth Avenue, Suite 3600
Seattle, Washington
98104-7010
T (206) 622-8020
F (206) 467-8215

Case 3:10-cv-00274-HRH   Document 29   Filed 11/30/12   Page 3 of 8

# OLES MORRISON
OLES MORRISON RINKER BAKER LLP

Sam E. Baker, Jr.
E-mail: baker@oles.com
Direct Phone: 206-467-7467

November 26, 2012

Stephen L. Nourse, Esq.
Carney Badley Spellman, P.S.
701 5th Avenue, Ste. 3600
Seattle, WA 98104-7010

Re: **Colaska/QAP v. MKB Construction, et al.**
**Superior Court of Alaska, Third Judicial District at Anchorage**
**Case No. 3AN-10-12761CI**

and

**United States of America, for the use of MKB Constructors v. Colaska, Inc., et**
**Case No. 3:10-cv-00274-HRH**

Dear Steve:

As discussed, this will confirm that consistent with the Settlement Agreement dated November 6, 2012 between ICRC, QAP and MKB, the State and Federal lawsuits brought by QAP and MKB, respectively, to preserve claims against their respective bonds will be dismissed with prejudice and the bonds fully discharged.

However, it is further agreed that both dismissals with prejudice will not be considered as in any way modifying the terms of the November 6, 2012 Settlement Agreement copy attached.

Please signify your approval to this agreement and we will attach this letter to the Stipulation and Order to be filed in the state court action.

Very truly yours,

OLES MORRISON RINKER & BAKER LLP

*[signature]*

Sam E. Baker, Jr.

SEB/pl
4840-8441-2177, v. 1

cc: QAP
David J. Schmid, Esq.

**APPROVAL AND ACCEPTANCE:**

I affirm that I have the authority to approve the above agreement on behalf of the MKB Constructors and that MKB agrees to be bound by the terms and conditions outlined above.

By: *[signature]*
Stephen L. Nourse
Counsel for MKB Constructors

Dated: 11/26/12

4840-8441-2177, v. 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made dated this 6th day of November, 2012, by and between Integrated Concepts and Research Corporation ("ICRC"), a District of Columbia corporation which is a subsidiary of VSE Corporation, Colaska, Inc., an Alaska corporation doing business as Quality Asphalt Paving ("QAP"), and MKB Constructors ("MKB") a Joint Venture comprised of two Washington state corporations, i.e., Derian, Inc., and R. Scott Constructors, Inc.; hereinafter collectively referred to as the "Parties."

The Parties stipulate and acknowledge as follows:

A. The POA/MOA is the owner of the Port of Anchorage Intermodal Expansion Project (the "PIEP"). The PIEP is a major transportation infrastructure construction project.

B. The POA/MOA has partnered with The United States Department of Transportation Maritime Administration ("MarAd") to plan, develop, and execute the PIEP. MarAd has provided to the POA/MOA and administered on its behalf substantial funding for the PIEP pursuant to a 2003 POA/MOA-MARAD Memorandum of Understanding, a November 11, 2011 Memorandum of Agreement, and other agreements (the "POA/MOA-MARAD Agreements").

C. ICRC has sponsored the QAP and MKB claims (the "Claims") against MarAd in *ICRC v. MARAD* (CBCA No. 2645), hereinafter referred to as the "ICRC/QAP/MKB v. MarAd Litigation", asserted under the terms of the QAP Subcontract. These actual or potential claims, whether arising in contract, tort, or otherwise, and whether known or unknown, accrued or un-accrued, are hereinafter referred to as "Claims".

D. QAP and ICRC entered into a confidential Subcontract Settlement Agreement ("Subcontract Settlement Agreement") and ICRC and MKB entered into a confidential Second Tier Subcontractor Settlement Agreement ("Second Tier Subcontract Settlement Agreement"), setting forth the terms and conditions for payments from ICRC to QAP and MKB.

E. The Parties and MarAd are currently negotiating a settlement of the Claims and anticipate signing a Release of Claims Agreement ("Release Agreement") in the near future.

**WHEREFORE, THE PARTIES AGREE AS FOLLOWS:**

1. **Release of Claims.** Subject to the Subcontract Settlement Agreement and upon payment as set forth therein, the Second Tier Subcontract Settlement Agreement and upon payment as set forth therein, and MarAd Settlement side letters issued by VSE Corporation to QAP and MKB on or about October 9, 2012, the Parties agree to release one another from any and all claims, known or unknown, asserted or unasserted, accrued or unaccrued, whether sounding in contract or tort, including but not limited to the Claims and any claim or liability for retainage, indemnification, defense or contribution that arises, could arise, or otherwise relates in any way to work performed by one or more of the Parties on the PIEP. Notwithstanding, the Parties acknowledge and agree that if any claims are brought by any third party pertaining to the PIEP project, ICRC, QAP and MKB will not be precluded from asserting any and all rights or defenses they may have against any third party, MarAd, or against each other should any third party bring such a claim or lawsuit against any combination of the Parties; provided, however, that in any such lawsuit or legal proceeding the Parties shall be prohibited from asserting any claims and recovering any damages from one another, all such claims and damages having been released under this Agreement and the Release Agreement. In any legal proceedings brought by any third party, this Agreement shall be discoverable and admissible.

2. **No Sponsorship of Claims.** The Parties specifically agree that they will not accept, sponsor, cooperate or participate in any claim, or in any other manner or proceeding that is proposed or brought by any third party, including, but not limited to, any governmental agency, against ICRC, QAP or MKB related to or arising, in any way, out of the PIEP, including a claim for retainage.

3. **Enforcement.** The Parties agree that the terms of this Agreement shall be subject to enforcement, in the case of any actual or alleged breach thereof, in the Civilian Board of Contract Appeals.

MKB001 0005 nk06dh162y

Each Party hereby consents to the jurisdiction of such tribunal for the purposes of enforcing or interpreting the Agreement. The prevailing Party or Parties in any such enforcement action will be entitled to an award of reasonable attorneys' fees and costs. The U.S. District Court of Alaska shall be the venue with regard to the QAP/MKB proceeding.

4. **Further Actions.** The Parties agree to execute any further documents, and to take any additional action required to implement the terms of this Agreement, and to without limitation assure an end to current and future claims, released claims and litigation between the Parties related to, or arising out of, the matters and events that are the subject matter of the ICRC/QAP/MKB v. MARAD Litigation (CBCA 2645 and CBCA 2850). The Parties further agree to immediately dismiss all litigation involving sureties and allow for the immediate return of all surety bonds, including but not limited to, performance and payment bonds, issued by the sureties of QAP and MKB pertaining to the PIEP project.

5. **No Admission of Liability.** The Parties agree that neither the making of this Agreement nor anything contained in this Agreement shall be construed or considered to be an admission of liability, wrongdoing, responsibility or misconduct by any of the Parties. Rather, this Agreement is merely a negotiated resolution between the Parties.

6. **Binding Effect.** This Agreement, upon ratification, is binding upon, and shall inure to the benefit of, the Parties hereto and their respective principals, agents, employees, representatives, officers, directors, subsidiaries, assigns, heirs, administrators, executors, attorneys, affiliates, predecessors, successors in interest, and representatives.

7. **Expenses.** Each Party shall be responsible for its own expenses, costs, fees, and attorney fees relating to matters resolved in this Agreement.

8. **Severability.** If any portion of this Agreement is held or determined to be invalid or unenforceable, the remaining provisions shall continue in force and effect as if this Agreement had been executed with the invalid portion eliminated.

9. **Entire Agreement.** This Agreement contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital.

10. **Execution by Counterpart.** This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute the same Agreement. The Parties agree that facsimile or pdf signatures shall have full force and effect of original signatures.

11. **Voluntary Agreement.** The undersigned, on behalf of the Parties, declare and represent that they fully understand the terms of this Agreement and voluntarily enter into the same.

12. **Signature Authority.** The individual signing this Agreement on behalf of each party represents that they have the authority to respectively bind that Party concerning this Agreement, the CBCA appeals, and the contracts underlying work at the PIEP. Each party further represents that person has been independently represented by counsel of its own choice and that it has made a full investigation into the facts giving rise to this Agreement. This Agreement shall be construed neutrally in accordance with its plain meaning, rather than in favor of or against any party, inasmuch as all parties have been represented by independent counsel, each of whom has had a full opportunity to be heard.

13. **Claims Not Assigned.** The Parties warrant they have not assigned or transferred their claims to any other party in any way.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the date set forth above:

MKB001 0005 nk06dh162y

Case 3:10-cv-00274-HRH   Document 29   Filed 11/30/12   Page 7 of 8

By: *[signature]*
Carl Williams, President
Integrated Concepts and Research Corp.

By: *[signature]*
MKB Constructors, acting by its partner,
Derian, Inc.

By: *[signature]*
Mark Jensen, President
Derian, Inc.

By: *[signature]*
MKB Constructors, acting by its partner,
R. Scott Constructors, Inc.

By: *[signature]*
Scott Barouch, President
R. Scott Constructors, Inc.

By: *[signature]*
Anthony L. Martino, II, Corporate Secretary
Quality Asphalt Paving

MKB001 0005 nk06dh162y